IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| KENNETH TYRELL WINSLOW, | § |
| | § |
| VS. | § CIVIL ACTION NO.4:04-CV-601-Y |
| | § |
| | § |
| ARLINGTON POLICE | § |
| DEPARTMENT, et al. | § |

OPINION and ORDER OF DISMISSAL UNDER 28 U.S.C. §§ 1915A(b)(1), and UNDER 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii)

Plaintiff Kenneth Tyrell Wilson, a prisoner presently housed at the Dallas County jail, was permitted by the magistrate judge to proceed herein pursuant to 28 U.S.C. § 1915, with the filing fee to be collected as required by the Prison Litigation Reform Act (PLRA). In Winslow's form civil rights complaint seeking relief under 42 U.S.C. § 1983, he names as defendants the City of Arlington police department, a detective with the last name Wong, and a property room supervisor with the last name Ebel. (Compl. Style; ¶ IV(B).) In the form complaint, Winslow alleges that, on July 17, 2001, he was arrested by City of Arlington police officers, and charged with theft. Winslow alleges that he had $3,700.00 confiscated from him at the time of his arrest. He alleges that detective Wong seized the property and that Ebel retained control over it. Winslow contends that the $3700.00 has never been returned to him. (Compl. § V.) Winslow seeks damages of $700,000. (Compl. ¶ VI.)

A complaint filed in forma pauperis that lacks an arguable basis in law should be dismissed under 28 U.S.C. § 1915.[1] Under 28 U.S.C. § 1915(e)(2)(B), a district court retains broad discretion in determining at any time whether an in-forma-pauperis claim should be dismissed.[2] Furthermore, as a part of the PLRA, Congress enacted 28 U.S.C. § 1915A, which requires the Court to review a complaint from a prisoner seeking relief from a governmental entity or governmental officer or employee as soon as possible after docketing.[3] Consistent with § 1915A is prior case law recognizing that a district court is not required to await a responsive pleading to conduct its § 1915 inquiry.[4] Rather, § 1915 gives judges the power to "dismiss a claim based on an indisputably meritless legal theory."[5] After review and consideration of Winslow's claims in this suit, the Court finds that they must be dismissed under the authority of these provisions.

---

[1] *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Section 28 U.S.C. § 1915(e) *requires* dismissal not only when an allegation of poverty is untrue or the action is frivolous or malicious, but also when "the action . . . fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(A) and (B)(West Supp. 2004).

[2] *See* 28 U.S.C.A. § 1915(e)(2)(West Supp. 2004); *Adepegba v. Hammons,* 103 F.3d 383, 388 (5th Cir. 1996); *see also Wesson v. Oglesby,* 910 F.2d 278, 281 (5th Cir. 1990)(discussing authority to dismiss at any time under prior § 1915(d)).

[3] *See* 28 U.S.C.A. § 1915A(a)(West Supp. 2004).

[4] *See Schultea v. Wood,* 47 F.3d 1427, 1434 (5th Cir. 1995).

[5] *Id., citing Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Plaintiff's claims are barred by the applicable statute of limitations. The Supreme Court has held that all § 1983 actions are governed by the statute of limitations for personal injury actions for the state of suit.[6] In Texas the applicable limitation period is two years.[7] The Court of Appeals for the Fifth Circuit held in *Moore v. McDonald* that a district court may dismiss claims *sua sponte* under § 1915 where it is clear from a review of the complaint that the alleged claims are barred by the applicable statute of limitations.[8]

Accrual of a claim under § 1983 is determined by federal law,[9] and generally a claim accrues when a plaintiff knows or has reason to know of the injury giving rise to the cause of action.[10] Winslow complains of the deprivation of property resulting from his July 17, 2001 arrest, and his factual allegations relate to that time period. Since Winslow did not file this suit until July 2004, his claims

---

[6] *See Wilson v. Garcia,* 471 U.S. 261, 273-76 (1985)(state statute of limitations period for personal injury actions applies to all claims under 42 U.S.C. § 1983).

[7] *See Moore v. McDonald,* 30 F.3d 616, 620 (5th Cir. 1994)(noting that district courts in Texas must use Texas's general two-year, personal injury limitations period); *see* TEX. CIV. PRAC. & REM. CODE 16.003(a)(Vernon 2002) (Texas's two-year personal injury limitations statute).

[8] *Moore,* 30 F.3d at 620, *citing Gartrell V. Gaylor,* 981 F.2d 254, 256 (5th Cir.1993); *see also Myers v. Vogal,* 960 F.2d 750, 751 (8th Cir. 1992)("Although the statute of limitations is an affirmative defense, a district court may properly dismiss a complaint under 28 U.S.C. § 1915(d) when it is apparent that the statute of limitations has run.")(citations omitted).

[9] *Burrell v. Newsome,* 883 F.2d 416, 418 (5th Cir. 1989).

[10] *Id., citing Lavellee v. Listi,* 611 F.2d 1129, 1131 (5th Cir. 1980) (other citations omitted).

asserted under 42 U.S.C. § 1983 are too late. Because the applicable two-year statute of limitations already had expired over one year prior to the time Winslow filed suit, the complaint must be dismissed under 28 U.S.C. §§ 1915(e)(2)(b)(i) and (ii) and 1915A(b)(1).

The Court notes an alternative basis for dismissal of Winslow's claims is the failure to set forth a constitutional violation. In order to assert a claim for violation of federal constitutional rights under 42 U.S.C. § 1983, a plaintiff must set forth facts in support of the required elements of a § 1983 action: (1) that he has been deprived of a right secured by the Constitution or laws of the United States; and (2) that the defendants deprived him of such right while acting under color of law.[11] Plaintiff's allegations as to the deprivation of property fail to satisfy the first element. Winslow has not recited the constitutional basis for his claim, but it appears that he is complaining of a loss of property without due process of law.[12] The Fourteenth Amendment to the Constitution provides that no State shall "deprive any person of life, liberty,

---

[11] *See West v. Atkins,* 487 U.S. 42, 48 (1988)(citing cases); *Resident Council of Allen Parkway Village v. U.S. Department of Housing and Urban Development,* 980 F.2d 1043, 1050 (5th Cir. 1993).

[12] To the extent Winslow claims that the loss of his property was only the result of negligence, such allegation does not state a cause of action under § 1983. *Daniels v. Williams,* 474 U.S. 327, 328 (1986); *Davidson v. Cannon,* 474 U.S. 344, 347 (1986). Where negligence is involved in causing a deprivation of property, no procedure for compensation is constitutionally required. *Id.*

or property without due process of law."[13]  Under the *Parrat/Hudson* doctrine, a random and unauthorized intentional deprivation of property does not give rise to a violation of the Due Process Clause if the state provides an adequate post-deprivation remedy.[14]  Thus, in challenging a random intentional property deprivation, the claimant must either take advantage of the available remedies or prove that the available remedies are inadequate.[15]  Texas law allows recovery of monetary damages for loss of use of property during its period of detention.[16]  Because Texas provides an adequate post-deprivation remedy, Winslow's claim concerning the taking of $3,700 does not rise to a violation of the Due Process Clause.[17]  Thus, Plaintiff's allegation concerning the taking of $3,700 does not amount to a violation of a constitutional right, and such claim should be dismissed under 28 U.S.C. § 1915A(b)(1) and 28 U.S.C. §

---

[13] U.S. CONST. amend. XIV § 1.

[14] *See Myers v. Klevenhagen,* 97 F.3d 91, 94 (5th Cir. 1996)(discussing the Supreme Court's decisions in *Parratt v. Taylor,* 451 U.S. 527 (1981) and *Hudson v. Palmer,* 468 U.S. 517 (1983), as dictating that a state actor's random and unauthorized deprivation of property does not result in a violation of procedural due process if the state provides an adequate post-deprivation remedy, and explaining "the doctrine protects the state from liability for failing to provide a predeprivation process in situations where it cannot anticipate the random and unauthorized actions of its officers.")

[15] *Hudson,* 468 U.S. at 534-35; *Myers,* 97 F.3d at 94.

[16] *See Murphy v. Collins,* 26 F.3d 541, 543 (5th Cir. 1994)(In Texas, the tort of conversion fulfills this requirement); *see also Beam v. Voss,* 568 S.W.2d 413, 420-21 (Tex.Civ.App.–San Antonio 1978, no writ)(conversion is the unauthorized and unlawful assumption and exercise of dominion and control over the personal property of another, to the exclusion of, or inconsistent with the owner's rights).

[17] *See Hudson,* 468 U.S. at 536 (Noting that even where a prisoner's property was intentionally destroyed, such destruction did not violate the Fourteenth Amendment since the Commonwealth of Virginia provided the prisoner with an adequate post-deprivation remedy.)

1915(e)(2)(B)(i) and(ii).

Finally, the Court also notes that the City of Arlington Police Department is not a proper party to this suit.  The capacity of an entity to be sued is "determined by the law of the state in which the district court is held."[18]  Under Texas law, the key issue is whether the entity has been granted the capacity "to sue or be sued."[19]  This Court and other federal courts in Texas have consistently found that in order for a plaintiff to sue a city department, the department must have a separate legal existence.[20] More specifically, courts that have confronted the question of whether a police department of a city is itself an entity subject to suit, have determined that a city police department is not a separate legal entity subject to suit.[21] Winslow has set forth no facts to show that the City of Arlington police department is a separate entity subject to suit.[22]  As such, Winslow's claims asserted only against the City

---

[18] FED R. CIV. P. 17(b).

[19] *Dillon v. Jefferson County Sheriff's Department,* 973 F.Supp. 626, 627 (E.D. Tex. 1997).

[20] *See generally Darby v. City of Pasadena,* 939 F.2d 311, 313 (5th Cir. 1991)(noting that under Texas law, absent authorization from a municipality to allow suit against one of its subdivisions as an independent entity, suit cannot proceed against that department); *see also Buckley v. Dallas County,* No. CIV.A.3:97-CV-1649-G, 1999 WL 222380, *2 (N.D.Tex. April 13, 1999) (citations omitted); *Bridges v. Rossi,* No. 3:96-CV-0488-X, 1998 WL 241242, at *5 (N.D.Tex. May 6, 1998).

[21] *See Darby,* 939 F.2d at 313-14 (holding that city police department lacked jural existence); *Bridges,* 1998 WL 241242 at *5 (Dallas Police Department is simply a department of City of Dallas which lacks jural existence).

[22] *See Bridges,* 1998 WL 241242 at * 5 (plaintiff has burden to show that the city department has the capacity to be sued).

6

of Arlington police department must be dismissed.

It is therefore ORDERED that all plaintiff Kenneth Tyrell Winslow's claims be, and they are hereby, DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915A(b)(1) and, alternatively, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

SIGNED April 26, 2005.

/s/ Terry R. Means
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE